IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | 4:15CR3078 |
| V. | ) ) | |
| CLIFTON R. HUDSON, | ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) ) | |

Clifton R. Hudson (Defendant) has filed a § 2255 motion alleging ineffective assistance of trial counsel. After initial review, I deny the motion and dismiss it with prejudice.[1]

Hudson, a self-admitted former Chicago gang member, and two buddies, robbed a credit union and got caught. He entered a plea of guilty. A real gun or a starter pistol was used, and the occupants of the credit union were terrified. The Guideline range was 188 months to 235 months with a criminal history category of VI. Hudson had enough points for a criminal history category of VI, but since he was a career offender, his criminal history was VI anyway and his offense level became 34 under U.S.S.G. § 4B1.1(a)&(b)(2). I sentenced him to 200 months. He has filed a § 2255 motion claiming

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

that his counsel should have objected to the Guideline calculations because he was not a career offender.[2]

The difficulty with Hudson's motion is that he does not properly address the two prior convictions that made him a career offender. He received three criminal history points for a conviction for possession with intent to distribute a controlled substance (heroin) where he received a sentence of three years after failing out of boot camp. (Filing no. 164, Presentence Report (PSR) at ¶ 89 and CM/ECF p. 18.) He also ignores the armed robbery conviction for which he received 3 criminal history points and a 12-year prison sentence. (*Id.* at ¶ 92.)

Hudson argues that he was sentenced for the drug felony and an aggravated unlawful use of weapon offense (*id.* ¶ 91 at CM/ECF p. 19) on the same dates and he received sentences of probation for both cases. However, the presentence report clearly shows that these offenses, while sentenced on the same date, were committed on different dates, there was an intervening arrest between the two (*id.* ¶ 90 CM/ECF p. 18), Hudson received prison sentences on both cases, and the aggravated unlawful use of a weapon sentence was to be served consecutively to the drug sentence. Thus, it plainly appears that they must be counted separately. Thus, under the Guidelines, they were considered separate convictions. U.S.S.G. § 4A1.2(a)(2).

To the extent that Hudson argues that a sentence to "boot camp" is not countable as a conviction, the presentence report shows a "[p]lea and finding of guilty" which resulted in a prison sentence thus making it countable, at the very least, as a "diversionary sentence" under U.S.S.G. § 4A1.2(f). *See also United States v. Womack*, 610 F.3d 427, 430 (7th Cir. 2010) (Five-year period of imprisonment imposed by sentencing court for prior controlled substance conviction, rather than the 121 days defendant served in

---

[2] His § 2255 motion is arguably late. But it is close. From the date of his motion, it is at least arguable that he placed the motion in the prison mailbox on January 21, 2019, two days before the statute of limitations expired even though the motion was not received in this court until February 8, 2019. Under these circumstances, and given the shutdown of the federal government during part of this time, I assume, without deciding, that the motion is timely.

Illinois's boot camp rehabilitation program for that conviction, was the proper measure for determining whether the sentence received for the prior conviction qualified the prior conviction as a predicate offense for purposes of applying the career offender enhancement under the Sentencing Guidelines).

In short, because the Guidelines were properly calculated, Hudson's counsel could not have been ineffective for failing to object to them. Indeed, as I mentioned at sentencing, defense counsel "did absolutely all you could for your client, and he ought–he has been extremely well served by your representation, and we appreciate your hard work and good judgment.") (Filing no. 186 at CM/ECF pp. 19-20.)

Finally, a defendant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that the defendant is not entitled to a certificate of appealability.

IT IS ORDERED that:

1.  The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (filing no. 211) is denied and dismissed with prejudice.

2.  A separate judgment will be entered.

3.  No certificate of ability has been or will be issued.

DATED this 20th day of February, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge