IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3078 |
| vs. | ORDER |
| CLIFTON HUDSON, | |
| Defendant. | |

    This case is before the Court on the government's motion for authorization to make payment from inmate trust account (filing 223), asking the Court's permission to order the Bureau of Prisons to transfer funds from the defendant's trust account to the Clerk of the Court for payment of restitution, and the defendant's motion to exempt those funds from payment of restitution (filing 225). Judge Kopf set a September 13, 2022 evidentiary hearing on the matter. *See* filing 226; filing 229. However, due to Judge Kopf's pending retirement, the case has been reassigned to me. *See* filing 230. I am not available on September 13, so that hearing will have to be continued. My review of the record, however, causes me to question whether an evidentiary hearing is necessary at all.

    The issue presented is whether the funds contained in the defendant's inmate trust account should be applied to his restitution obligation. An order of restitution is a lien in favor of the United States on all non-exempt property of the defendant, and funds held in an inmate trust account are not exempt from enforcement. *United States v. Robinson*, No. 21-2929, 2022 WL 3222042, at *2 (8th Cir. Aug. 10, 2022) (citing 18 U.S.C. § 3613). An inmate who "receives substantial resources from any source, including inheritance, settlement, or

other judgment" must apply "the value of such resources" to his unpaid restitution. 18 U.S.C. § 3664(n); *see United States v. Kidd*, 23 F.4th 781, 786 (8th Cir. 2022). So, in order to determine whether the funds should be transferred, the Court must first determine the source of the funds. *United States v. Woodring*, 35 F.4th 633, 635 (8th Cir. 2022).

For instance, in *Woodring*, the Eighth Circuit held that the record was insufficient to show that the money in an inmate's account was subject to § 3664(n), where the inmate had received a COVID-19 stimulus payment but the evidence was unclear about the amount of the payment or the source of *all* the funds in the inmate's trust account. *Id.* at 635; *accord Robinson*, 2022 WL 3222042, at *2-3. And in *Kidd*, the Eighth Circuit reached a similar conclusion, holding that § 3664(n) does not apply to a gradual accumulation of prison wages, and finding that the record in that case did not reveal the source of the accumulated funds in the inmate's trust account. 23 F.4th at 787-88.

The parties have framed this case differently, however. The government has presented evidence that the funds accumulated in the defendant's trust account were not wages of any kind—rather, the funds were accrued from deposits made by individuals and a "lockbox-CD" in November 2021 that is likely a stimulus payment. Filing 223 at 3; filing 223-1; *see* 26 U.S.C. § 6428B. And importantly, the defendant doesn't disagree with that evidence or the government's allegations—rather, he simply "takes issue with the fact the Government has no right to confiscate monies that was provided to him by family members and friends." Filing 225 at 1. And he admits that he doesn't have a prison job. Filing 225 at 2. In sum, it doesn't seem that in this case, there is a dispute about the source of the funds. Instead, what appears is a question of law: Whether accrued donations from friends and family are "substantial resources from any source" within the meaning of § 3664(n).

The defendant has also submitted a form claiming exemptions from attachment of the funds, checking two boxes:

> (1) "Wearing apparel and school books. -- Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family."; and
>
> (2) "Books and tools of a trade, business, or profession. -- So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $5,050 in value."

Filing 225 at 4; *see* 18 U.S.C. § 3613(a)(1); 26 U.S.C. § 6334(a)(1), (3). But the burden is on the defendant to make some initial showing in support of the claimed exemption. *See United States v. Santee Sioux Tribe of Neb.*, 254 F.3d 728, 733 (8th Cir. 2001). He has presented nothing to satisfy that burden or suggest that he can, particularly given that he doesn't work, *see* filing 225 at 2, and according to the presentence report has no children, *see* filing 164 at 22.

Simply put, the Court is not convinced, at this point, that transporting the defendant from Illinois is needed to resolve these issues—particularly where counsel has been appointed to represent him. And because the hearing set in this matter must be continued in any event, the Court will ask the parties to address the issues first.

IT IS ORDERED:

1. On or before September 22, 2022, counsel for the defendant shall respond to the government's motion for authorization (filing 223), addressing:

    a.    Whether accrued donations from friends and family are "substantial resources from any source" within the meaning of 18 U.S.C. § § 3664(n);

    b.    The factual and legal basis for the exemptions from attachment claimed by the defendant; and

    c.    Whether an evidentiary hearing is required.

2.    The government may reply in support of its motion on or before October 6, 2022.

3.    The hearing set for September 13, 2022 is continued pending further order of the Court.

4.    The Clerk of the Court shall provide a copy of this order to the United States Marshal's Service.

Dated this 23rd day of August, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

- 4 -