IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3078 |
| vs. | MEMORANDUM AND ORDER |
| CLIFTON HUDSON, | |
| Defendant. | |

    This case is before the Court on the government's motion for authorization to make payment from inmate trust account (filing 223), asking the Court's permission to order the Bureau of Prisons to transfer funds from the defendant's trust account to the Clerk of the Court for payment of restitution, and the defendant's motion to exempt those funds from payment of restitution (filing 225). The Court previously ordered the parties to brief several specific issues relevant to disposition of this motion:

    1.    Whether accrued donations from friends and family are "substantial resources from any source" within the meaning of 18 U.S.C. § 3664(n);

    2.    The factual and legal basis for the exemptions from attachment claimed by the defendant; and

    3.    Whether an evidentiary hearing is required.

Filing 231. The parties have filed their responsive briefs and evidence. *See* filing 235; filing 236; filing 238. After reviewing that material, the Court concludes that the defendant's funds are not exempt from garnishment by the government, and will grant the government's motion.

BACKGROUND

The defendant was sentenced in 2017 to a term of 200 months' imprisonment for bank robbery. Filing 167. The defendant was also ordered to pay restitution in the amount of $122,891.15 (jointly and severally with his co-defendants). Filing 167 at 6. The "Schedule of Payments" provided that a lump sum payment of $100 was due immediately, with the balance due in accordance with the "[s]pecial instructions regarding the payment of criminal monetary penalties." Filing 167 at 7. And the "special instructions," as relevant, provided that "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment." Filing 167 at 7.

The defendant still owes most of that restitution. Filing 223 at 1; *see* filing 236-3. The government moved for an order authorizing the Bureau of Prisons to turn over funds from the defendant's inmate trust account in the amount of $5,647.25 (all but $100), alleging that the money comprised "substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration" that the defendant was required by § 3664(n) to apply to his restitution balance. In response, the defendant noted that he's already part of the BOP's Financial Responsibility Program and that he wasn't able to work because his facility didn't provide jobs to inmates, and he claimed exemptions for "[w]earing apparel and school books" and "[b]ooks and tools of a trade, business, or profession." Filing 225. The Court ordered the parties to brief the issues presented. Filing 231.

DISCUSSION

In applying § 3664(n), the Court must first determine the source of the funds. *United States v. Evans*, 48 F.4th 888, 891 (8th Cir. 2022). Then, the

court must determine if applying the funds to restitution is proper. *Id.* at 892. As relevant, § 3664(n) provides:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

So, the initial question is whether the defendant "receive[d] substantial resources" within the meaning of § 3664(n). See *Evans*, 48 F.4th at 892.[1]

### SUBSTANTIAL RESOURCES

The Court starts with the source of the funds. To begin with, the defendant agrees that the $1,400 stimulus check that was deposited in his account can go toward paying criminal restitution. Filing 235 at 5.[2] The next largest deposit was a $1,000 gift from a friend, and the rest of the money in his account accumulated out of 30 or so smaller deposits of varying amounts, but which average a bit over $150 each. *See* filing 223-1. The defendant admits not having a prison job, and with the exception of a single ambiguous deposit of

---

[1] Neither the government's motion nor its subsequent briefing appear to raise § 3664(k) as a basis for transferring funds. *See* filing 223; filing 238. Accordingly, the Court does not consider whether the funds in the defendant's account "may be an accumulation of small amounts received from various sources that together amount to a 'material change' in [his] economic circumstances" that would warrant adjustment of the payment schedule pursuant to § 3664(k). *See United States v. Kidd*, 23 F.4th 781, 787-88 (8th Cir. 2022).

[2] And correctly so. *See United States v. Greywind*, No. 21-2658, 2023 WL 142508, at *2 (8th Cir. Jan. 10, 2023).

$9.60 for "Payroll – IPP," it's been established that the source of the funds wasn't prison wages. The defendant represents, and the Court accepts, that the deposits are "accrued donations from friends and family." Filing 235 at 2.

In *Kidd*, the Eighth Circuit held that § 3664(n) isn't limited to "windfalls or sudden financial injections." 23 F.4th at 786-87. But, the Court of Appeals said, it doesn't apply to "accumulations of prison wages." *Id.* at 787. The defendant urges the Court to treat his accumulated funds the same way, regardless of their source. Filing 235 at 4-5. But the defendant focuses on the word "accumulations," while the Eighth Circuit in *Kidd* focused on "prison wages." 23 F.4th at 787.

To be fair, the Court of Appeals did suggest that an inference from "receipt of substantial resources" was that "Congress focused on single transactions from outside sources, not the $18 per month paid by the government into [the prisoner's] inmate trust account for his prison wages." *Id.* But the Court of Appeals went on to explain that § 3664(n) wasn't meant to apply to payments made to a prisoner by the institution that imprisoned him. *Id.* And "[m]ore important," court orders confiscating prison wages could interfere with prison operations and programs. *Id.*

Accordingly, *Kidd* held that § 3664(n) wasn't applicable to accumulated prison wages. But *Kidd* is clearly distinguishable here, where prison wages aren't at issue, and where not one of the outside deposits at issue was as small as $18. *See* filing 223-1. Nearly all of the deposits exceeded $100, and they've obviously added up over time. "It's one thing to give an inmate a few dollars to spend at the commissary, but quite another to deposit a few thousand dollars in his account." *United States v. Carson*, 55 F.4th 1053, 1058 (6th Cir. 2022). The Court finds that even discounting the stimulus payment, the receipt of

- 4 -

nearly $6,000 from friends and family over the course of less than a year represents "receipt of substantial resources" within the meaning of § 3664(n).

## EXEMPTION

The defendant also argues that the funds in his trust account are exempt from execution pursuant to 18 U.S.C. § 3613(a)(1). Section 3613(a) provides the government with authority to enforce a judgment, but subsection (1)(a) limits that authority by cross-referencing several exemptions found in the Internal Revenue Code. *See* § 3613(a)(1) (citing 26 U.S.C. § 6334(a)).

Assuming without deciding that § 3613(a)(1) limits the Court's authority to proceed pursuant to § 3664(n), the Court still finds that the exemptions claimed by the defendant don't apply here. The defendant relies on two exemptions in particular: "(1) Wearing apparel and school books.—Such items of wearing apparel and such school books as are necessary for the taxpayer or for members of his family"; and "(3) Books and tools of a trade, business, or profession.—So many of the books and tools necessary for the trade, business, or profession of the taxpayer as do not exceed in the aggregate $3,125 in value." Filing 235 at 5-6; *see* § 6334(a)(1) and (3). The defendant asserts that he wants to enroll in CDL training and will need to pay for the courses, books, supplies, and tools of the trade necessary for that training. Filing 235 at 5.

It is, however, well-understood that the exemptions at issue apply to actual tangible assets, not money that could be used to purchase such assets. *See, e.g.*, *United States v. Giles*, 819 F. App'x 899, 900 (11th Cir. 2020); *United States v. Krol*, No. 5:15-CR-292, 2018 WL 1792129, at *7 (E.D.N.C. Apr. 16, 2018); *United States v. Tripodis*, No. 1:01-CR-109, 2016 WL 5389142, at *4 (N.D. Ga. Sept. 27, 2016); *United States v. Busack*, No. 5:14-CR-54, 2016 WL 3039886, at *2 (N.D. W.Va. May 27), *aff'd,* 670 F. App'x 810 (4th Cir. 2016);

*United States v. Holcomb*, No. 2:08-CR-20003, 2012 WL 5306257, at *3 (D. Kan. Oct. 26, 2012). Accordingly, there is no basis to apply those exemptions here.

ORIGINAL JUDGMENT

Finally, the defendant argues that the government can't seek recovery in excess of the payment schedule provided by the Court's original restitution order. Filing 235 at 6. The defendant relies on *United States v. Martinez*, in which the Tenth Circuit held that a defendant ordered to pay restitution in installments need not immediately pay the full amount, and that an installment payment order limited the government's ability to use civil collections proceedings. 812 F.3d 1200, 1205 (10th Cir. 2015).

But even assuming that *Martinez* would be followed by the Eighth Circuit, *cf. United States v. Raifsnider*, 846 F. App'x 423, 424 (8th Cir. 2021); the Court finds the judgment in this case to be distinguishable. Generally, a person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the Court provides for payment on a date certain or in installments. 18 U.S.C. § 3572(d)(1). And the judgment here provided that payment was due during imprisonment unless "expressly ordered otherwise." Filing 167 at 7. The Court didn't expressly order otherwise.

The defendant points to what he characterizes as "instructions for [his] repayment" or his "initial repayment plan": A payment schedule following release from prison requiring monthly installments of $100 or 3 percent of gross income, whichever is greater. Filing 235 at 6-7 (citing filing 167 at 5). But the language he points to wasn't part of the "Criminal Monetary Penalties" or "Schedule of Payments" found in the judgment. *See* filing 167 at 6-7. Rather, that monthly schedule was a condition of supervised release. Filing 167 at 5.

Obviously, a schedule for payment of restitution as a condition of supervised release doesn't speak to whether or not payments should be made before the defendant is even on supervised release. And the actual "Schedule of Payments"—which has lots of checkboxes on the standard judgment form for periodic payments to begin immediately, or after release from imprisonment—instead says that "payment of criminal monetary penalties is due during the period of imprisonment." Filing 167 at 7. The supervised release condition sets a minimum expectation for payment, but even that schedule is expressly "[w]ithout limiting the foregoing" obligation imposed by the Schedule of Payments. Filing 167 at 5. Simply put, nothing in the judgment limits the government's ability to institute civil collections proceedings. *See United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002).

## CONCLUSION

For the foregoing reasons, the Court will grant the government's motion and deny the defendant's. The Court notes the defendant's argument that it's unfair to order him to pay more in restitution than his co-defendant. Filing 235 at 8-9. The Court disagrees. The beneficiary of a restitution award—the victim of a crime—shouldn't have to wait for compensation from the lowest common denominator.[3] Nor is an evidentiary hearing required in this case, where there is no dispute regarding the dispositive facts. *See United States v. Osman*, No. 22-1242, 2022 WL 3571426, at *2 (8th Cir. Aug. 19, 2022) (citing *United States v. Howard*, 973 F.3d 892, 895 (8th Cir. 2020)).

---

[3] The Court also notes the defendant's claim that his current inmate financial plan was coerced. Filing 235 at 7-8. But if so, that's a 28 U.S.C. § 2241 claim, to be brought in the district where the sentence is being carried out. *See Matheny*, 307 F.3d at 711-12.

IT IS ORDERED:

1. The government's motion for authorization to make payment from inmate trust account (filing 223) is granted.

2. The defendant's motion in support of his exemption claim (filing 225) is denied.

3. The Bureau of Prisons is directed to turn over to the Clerk of the Court $5,647.25 from the defendant's inmate trust account as payment toward his outstanding financial obligations.

4. To the extent the defendant's account balance exceeds the sum of $5,647.25, the Bureau of Prisons shall unencumber any funds remaining in the account.

Dated this 4th day of April, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge